UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VIVIAN EL HALABY,

        **Plaintiff,**

    v.

ANDREW SAUL,
**Commissioner of Social Security,**

        **Defendant.**

Case No. 2:18-cv-6614
Magistrate Judge Norah McCann King

### OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Vivian El Halaby for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying Plaintiff's application. After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court reverses the Commissioner's decision and remands the action for further proceedings.

**I.    PROCEDURAL HISTORY**

On September 27, 2013, Plaintiff filed her application for benefits, alleging that she has been disabled since August 27, 2010. R. 212–18. Plaintiff's application was denied initially and upon reconsideration. R. 123–27, 130–32. Plaintiff sought a *de novo* hearing before an administrative law judge. R. 133–35. Administrative Law Judge Dina R. Loewy ("ALJ") held a hearing on May 5, 2016, at which Plaintiff, who was represented by counsel, appeared and

1

testified, as did a vocational expert. R. 77–103. The ALJ held a second administrative hearing on August 11, 2016, at which Plaintiff, who was once again represented by counsel, appeared and testified, as did a different vocational expert and a medical expert. R. 38–76. In a decision dated November 29, 2016, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act since September 27, 2013, the date the application was filed. R. 19–31. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on February 13, 2018. R. 1–6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On August 28, 2018, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 8.[1] On March 12, 2020, the case was reassigned to the undersigned. ECF No. 23. The matter is now ripe for disposition.

## II.   LEGAL STANDARD

### A.   Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *see K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*,

---

[1] The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

2

No. 17-2309 , 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).  Substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla.'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *see K.K.*, 2018 WL 1509091, at *4.

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see*, *e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016).  The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is

overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4.  The ALJ decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although the ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter*, 650 F.2d at 482.  Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518. In assessing whether the record is fully developed to support an award of benefits, courts take a more liberal approach when the claimant has already faced long processing delays. *See*, *e.g.*, *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000). An award is "especially appropriate when "further administrative proceedings would simply prolong [Plaintiff's] waiting and delay his ultimate receipt of benefits." *Podedworny*, 745 F.2d at 223; *see Schonewolf*, 972 F. Supp. at 290.

### B.     Sequential Evaluation Process

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 416.920(a)(4). "The claimant bears the burden of proof at steps one through four, and the

Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at § 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 416.920(g). If the ALJ determines that the plaintiff can do so,

then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III. ALJ DECISION AND APPELLATE ISSUES

The Plaintiff was 42 years old on her application date. R. 29. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 27, 2013, the application date. R. 21.

At step two, the ALJ found that Plaintiff suffers from the following severe impairments: degenerative disc disease of the lumbar and cervical spine, rheumatoid arthritis, uterine fibroids, depressive disorder, and anxiety disorder. *Id*. The ALJ also found that Plaintiff's diagnosed impairments of esophagitis, gastritis, and fibromyalgia as well as her alleged impairments of blurry vision, headaches, and blood clots were not severe. R. 21–22.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 22–24.

At step four, the ALJ found that Plaintiff had the RFC to perform sedentary work subject to various additional limitations. R. 24–29.

At step five, the ALJ found that a significant number of jobs–*i.e*., approximately 8,000 jobs as an addresser; approximately 2,500 jobs as an assembler; approximately 3,000 jobs as a table worker–existed in the national economy and could be performed by an individual with Plaintiff's vocational profile and RFC. R. 30. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act since September 27, 2013, the date on which she applied for benefits. R. 31.

Plaintiff disagrees with the ALJ's findings at steps three and five and asks that the

decision of the Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff's Brief,* ECF No. 21. The Commissioner takes the position that his decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1,* ECF No. 22.

## IV.    DISCUSSION

Plaintiff raises a number of challenges, including that the ALJ erred at step five of the sequential evaluation because he relied on the vocational expert's testimony, which was inconsistent with the Dictionary of Occupational Titles ("DOT")[2] and which did not reasonably explain this conflict. *Plaintiff's Moving Brief*, ECF No. 21, pp. 26–31. This Court agrees.

"[A] vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work[.]" 20 C.F.R. § 416.960(b)(2). "While 'the ALJ must accurately convey to the vocational expert all of a claimant's credibly established limitations,' . . . '[w]e do not require an ALJ to submit to the vocational expert every impairment alleged by a claimant.'" *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005)). "[T]o accurately portray a claimant's impairments, the ALJ must include all 'credibly established limitations' in the hypothetical." *Zirnsak v. Colvin*, 777 F.3d 607, 614 (3d

---

[2] The DOT is a "publication of the United States Department of Labor that contains descriptions of the requirements for thousands of jobs that exist in the national economy;" ALJs generally consult the DOT to determine whether any jobs exist that a claimant can perform. *Burns v. Barnhart*, 312 F.3d 113, 119 (3d Cir. 2002).

8

Cir. 2014) (citing *Rutherford*, 399 F.3d at 554). Credibly established limitations are limitations "that are medically supported and otherwise uncontroverted in the record." *Rutherford*, 399 F.3d at 554. Finally, a "vocational expert's testimony concerning a claimant's ability to perform alternative employment may only be considered for purposes of determining disability if the [ALJ's hypothetical] question accurately portrays the claimant's individual physical and mental" limitations. *Podedworny*, 745 F.2d at 218.

"As a general rule, occupational evidence provided by a [vocational expert] should be consistent with the occupational evidence presented in the DOT." *Zirnsak*, 777 F.3d at 617 (citing SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000)). "To ensure consistency, courts have imposed an obligation on ALJs to '[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by [vocational experts] . . . and information in the [DOT].'" *Id.* (quoting SSR 00-4p at *1). "Specifically, an ALJ is required to (1) ask, on the record, whether the [vocational expert's] testimony is consistent with the DOT, (2) 'elicit a reasonable explanation' where an inconsistency does appear, and (3) explain in its decision 'how the conflict was resolved.'" *Id.* (quoting *Burns*, 312 F.3d at 127). "An ALJ's failure to comply with these requirements may warrant remand in a particular case[,]" but "the presence of inconsistencies does not mandate remand, so long as "'substantial evidence exists in other portions of the record that can form an appropriate basis to support the result.'" *Id.* (quoting *Rutherford*, 399 F.3d at 557).

Finally, a vocational expert may rely on his or her own experience in addition to the DOT when determining whether an individual is capable of performing any jobs. *Horodenski v. Comm'r of Soc. Sec.*, 215 F. App'x 183, 189–90 (3d Cir. 2007) (finding the ALJ did not err in relying on a vocational expert who based his opinion on thirty years of his experience); *Butler v.*

9

*Colvin*, No. CIV. 13-7488, 2015 WL 570167, at *9 (D.N.J. Feb. 11, 2015) (noting that Judges in the Third Circuit "have encouraged" vocational experts "to rely on their experiences rather than solely on the DOT").

Here, the ALJ determined that Plaintiff had the RFC to perform a limited range of sedentary[3] work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except she can occasionally push or pull; never operate foot controls; occasionally climb ramps or stairs but generally just a few steps, rarely full flights; never climb ladders, ropes or scaffolds; occasionally balance or stoop; never kneel, crouch or crawl; sit up to 7 hours per day; *stand and/or walk up to one hour per day, but with no more than 15 minutes of continuous standing/walking at one time*; occasionally reach overhead; and perform frequent handling and fingering. She is capable of unskilled work (but no assembly-line work), involving only occasional decision-making or changes in the work setting, and only occasional interaction with the public or co-workers.

R. 24 (emphasis added).

At step five, the hypothetical question posed by the ALJ to the vocational expert assumed a claimant with Plaintiff's vocational profile and this RFC. R. 52–53. The vocational expert responded that the jobs of addresser, assembler, and table worker—all jobs identified in the DOT as sedentary—would be appropriate for such an individual. R. 53. The ALJ went on to question whether the vocational expert's testimony was consistent with the DOT:

Q [by the ALJ] Okay. Is the testimony you gave today consistent with the DOT?

A Yes, it is.

---

[3] Sedentary work may involve, *inter alia*, "a certain amount of walking and standing…. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 416.967(a). "Occasionally" "means occurring from very little up to one-third of the time. Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday." SSR 83-10.

10

> Q Other than limitations that are not -- that was not consistent such as the sitting seven hours and the standing and walking one hour a day in 15-minute increments, occasional overhead reach, and -- would those be based on your experience?
>
> A Yes.

R. 52–53. However, during examination by Plaintiff's counsel, the vocational expert testified as follows:

> Q [by Plaintiff's Counsel] [T]he DOT would require two hours of walking and standing in these jobs –
>
> A Up to two hours, correct.
>
> Q Correct. So, these three jobs don't actually fit the DOT description, but you are using your experience to tell us that these three jobs would be appropriate in this situation, correct?
>
> A Yes, predominantly sitting, correct.
>
> \*\*\*
>
> Q My question is how do you know that the person would not have to walk more than an hour or would not have to walk more than 15 minutes at a time, how do you know that, what's the source of our knowledge?
>
> A I've witnessed the job at Mt. Sinai in the past.
>
> Q Okay. And when you say you witnessed the job, what does that mean?
>
> A That I worked for and placed adults with mental health disabilities in such jobs as those.
>
> Q All right. And were those competitive employment or was that a sheltered workshop?
>
> A No, that wasn't a sheltered, it was a minimum wage paid position.
>
> Q Okay. And you watched the entire eight hours of the person working?
>
> A No.
>
> \*\*\*
>
> Q … [Y]ou described three jobs that you would acknowledge are not performed [as] in the DOT as Her Honor's hypothetical suggests. So, I want to know, before we get into

>each job, I want to know what the source of your knowledge is. I understand you have experience and I don't challenge your experience. You saw this job performed by people … you didn't see them work eight hours as I wouldn't expect that you would. So how do you know that this job does not require two hours of walking and would never require more than 15 minutes at a time on somebody's feet?
>
>A I guess I don't know that for certain in no specific terms.
>
>Q Okay. And the same would go with the assembler and the table worker, correct?
>
>A Correct.

R. 56–59.

Despite this testimony, the ALJ nevertheless concluded at step five that the vocational expert adequately explained any conflict with the DOT:

>Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles. At the hearing, Ms[.] Boardman testified that her opinion regarding limitations in the above residual functional capacity assessment that were either inconsistent with or were not listed in the DOT, including the ability to sit up to seven hours, to stand up to one hour but with no more than 15 minutes of continuous standing/walking at one time; and occasional overhead reach, was based on her professional experience. Ms. Leopold's[4] explanation for the discrepancy is reasonable, and accepted in accordance with SSR 00-4p.

R. 30–31. The ALJ went on to rely on the vocational expert's testimony and found that, despite her impairments, Plaintiff could perform work that exists in significant numbers in the national economy and is therefore not disabled. R. 31.

Plaintiff argues, *inter alia*, that the vocational expert's opinion was inconsistent with the DOT and that the vocational expert did not sufficiently explain this inconsistency. *Plaintiff's Moving Brief*, ECF No. 21, pp. 28–30. The Commissioner takes the position that the ALJ sufficiently complied with the requirements of SSR 00-4p, arguing that the ALJ properly

---

[4] The ALJ mistakenly referred to the vocational expert as "Ms. Leopold" instead of "Ms. Boardman."

12

questioned the vocational expert about inconsistencies with the DOT and reasonably relied on the vocational expert who, in turn, relied on her professional experience when testifying. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 22, pp. 20–21.

The Commissioner's argument is not well taken. It is true that an ALJ may rely on the opinion of a vocational expert who relies on her professional experience rather than on the DOT. SSR 00-4p. Here, however, the vocational expert conceded that her experience was insufficient to explain the inconsistency in the walking requirements of the jobs identified by her and the DOT. R. 59. As set forth above, the ALJ found that the expert's "explanation for the discrepancy is reasonable, and accepted in accordance with SSR 00-4p." R. 30–31. In making this finding, however, the ALJ ignored or disregarded the vocational expert's actual testimony. Because the inconsistency between the jobs identified by her and the DOT was not sufficiently explained, the ALJ's reliance on the vocational expert's opinion was misplaced. *See Zirnsak*, 777 F.3d at 617; SSR 00-4p. Based on this record, the Court cannot conclude that substantial evidence supports the ALJ's reasoning at step five. [5]

## V. CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

Date:  February 22, 2021                              *s/Norah McCann King*
                                                       NORAH McCANN KING
                                                 UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff asserts a number of other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of the evidence at step five of the sequential evaluation process, the Court does not consider those claims.